# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **United States of America** | § § § | |
| **v.** | § § § | Case No. 1:25-mj-01022- SH |
| **Curtis Meeks** | § § | |

## ORDER

Before the Court is Defendant's Amended Motion to Clarify Bond Status, Request for Counsel, and for Equitable Relief from Fraudulent State Court Judgment (Dkt. 8), filed October 29, 2025.

Defendant Curtis Meeks was indicted in the U.S. District Court for the Eastern District of New York on one count of wire fraud conspiracy under 18 U.S.C. § 1349 and one count of money laundering conspiracy under 18 U.S.C. § 1956(h). *United States v. Meeks*, No. 1:25-cr-00314-RER-24 (E.D.N.Y. Oct. 9, 2025). He was arrested in Georgetown, Texas on October 24, 2025, and brought before this Magistrate Judge. Dkt. 1 at 23. The Court ordered Mr. Meeks released on conditions and an appearance bond, and the case was closed. Dkts. 5, 7. His criminal case is pending in the Eastern District of New York.

Aside from his criminal case in New York, Mr. Meeks has been indicted in Travis County, Texas. Most recently, he was indicted on October 22, 2024 for forgery of financial instruments and false statements on property/credit documents. *Texas v. Meeks*, No. D-1-DC-24-900093 (331st Dist. Ct., Travis County, Tex. Oct. 22, 2024). He also was a defendant in a civil fraud suit in Travis County that resulted in a multimillion dollar final judgment against him. *Arabzadegan* v. *Top & Ball Properities, LLC, Meeks, and Henderson*, No. D-1-GN-23-001138 (353rd Dist. Ct., Travis County, Tex. April 4, 2024). After a bench trial at which Mr. Meeks failed to appear, the court concluded that he and his co-defendants conspired to fraudulently induce the plaintiff to sign

a quitclaim deed conveying his property to defendants in a scheme to collect insurance proceeds on the property.[1] His appeal was dismissed for lack of jurisdiction. *Henderson v. Arabzadegan*, No. 03-24-00236-CV, 2024 WL 4795259, at *4 (Tex. App.—Austin Nov. 15, 2024, no pet.).

Mr. Meeks filed a civil rights suit in this Court challenging the state court's final judgment, arguing that the state court ignored evidence and that he was racially profiled. *Meeks v. Armbrust & Brown, PLLC*, *Ali Arabzadegan, et al.*, No. 1:25-cv-01275-DAE (W.D. Tex. August 8, 2025). On August 12, 2025, the District Court denied his motion for a temporary restraining order and preliminary injunction, finding that he did not show a likelihood of success on the merits because, under the *Rooker-Feldman* doctrine, "federal district courts 'lack jurisdiction to entertain collateral attacks on state court judgments.'" Dkt. 5 at 4 (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). The defendants have filed a motion to dismiss, which is pending before the District Court. Dkt. 13.

Mr. Meeks, proceeding *pro se*, now brings this motion attempting to challenge the state court's final judgment. Dkt. 8. But as the District Court reasoned in Mr. Meeks' civil rights suit, the *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

> A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decision," and the originality of the district court's jurisdiction precludes such a review.

---

[1] *Meeks v. Armbrust & Brown, PLLC*, *Ali Arabzadegan, et al.*, No. 1:25-cv-01275-DAE, Dkt. 13-2 at 4 (W.D. Tex. Sept. 4, 2025).

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (citation omitted). The only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court. *Liedtke*, 18 F.3d at 317.

Accordingly, the Court **DENIES** Mr. Meeks' motion for equitable relief from the state court judgment for lack of subject matter jurisdiction and admonishes him to file no additional duplicative motions or suits challenging the state court judgment in the Western District of Texas.

The Court also **DENIES** Mr. Meeks' request for counsel because he has no case pending before this Magistrate Judge. He is free to file a motion for the appointment of counsel in his pending civil rights suit.

Finally, Mr. Meeks asks the Court to clarify that his bond "remains fully satisfied through the lien on his sole property." Dkt. 8 at 4. It is not apparent that any clarification is needed, but Mr. Meeks is represented by counsel in his criminal case and any motion for relief in that case should be filed by her. *See* Local Criminal Rule 49.2 of the United States District Court for the Eastern District of New York ("Unless otherwise ordered by the court, a defendant represented by counsel in a pending criminal case . . . may not file or submit any pro se letter, motion, or brief.").

**SIGNED** on November 11, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

3